UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-61412

PAMELA TITUS,

    Plaintiff,

v.

LVNV FUNDING, LLC, and
RESURGENT CAPITAL SERVICES L.P.,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff Pamela Titus ("Plaintiff") sues Defendant LVNV Funding, LLC and Defendant Resurgent Capital Services L.P. (collectively, the "Defendants") for violations of 15 U.S.C §1692 et seq., the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 et seq., the Florida Consumer Collection Practices Act ("FCCPA").

**<u>JURISDICTION AND VENUE</u>**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant Resurgent Capital Services L.P. ("Defendant-DC") is a Delaware limited partnership, with its principal place of business located in Greensville, South Carolina.

6. Defendant-DC engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, Defendant-DC was acting as a debt collector in respect to the collection of Plaintiff's debts.

8. Defendant LVNV Funding, LLC ("Defendant-Creditor") is a Delaware limited liability company, with its principal place of business located in Greensville, South Carolina.

9. At all times material, Defendant-Creditor was the creditor of the debts Defendant-DC sought to collect from Plaintiff.

## DEMAND FOR JURY TRIAL

10. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

11. This action involves the debt arising from a transaction between HSBC Bank, the original creditor, and Plaintiff involving an unsecured line of credit, of which was primarily for the personal benefit of Plaintiff, Plaintiff's family, as well as members of Plaintiff's household (the "Consumer Debt"). Plaintiff is the alleged debtor of the Consumer Debt.

12. Defendant-DC is a debt collector governed by both the FDCPA and FCCPA.

13. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

14. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

15. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. At all times material, Defendant-DC was acting as a debt collector in respect to the collection of the Consumer Debt.

17. Defendant-DC is an entity required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect consumer debts in Florida.

18. The Consumer Debt is a debt which Defendant-DC must possess a valid Consumer Collection Agency license to lawfully collect or attempt to collect from Plaintiff.

19. Defendant-DC is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

20. Defendant-DC's "Consumer Collection Agency" license number is CCA0900145.

21. For Defendant-DC's "Consumer Collection Agency" license to remain valid, Defendant-DC is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

22. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant-DC *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

23. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant-DC *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

24. Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

25. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

26. On a date better known by Defendant-Creditor, the original creditor of the Consumer Debt, HSBC Bank, sold all rights, title, and interest in the Consumer Debt. Prior to the sale of the Consumer Debt by HSBC Bank, Plaintiff defaulted on the Consumer Debt.

27. On a date better known by Defendant-Creditor, Sherman Originator, LLC, sold all rights, title, and interest in the Consumer Debt to Defendant-Creditor.

28. Defendant-Creditor is the current creditor of the Consumer Debt.

29. The Consumer Debt is comprised of principal, interest, and fees, whereby the total amount of the Consumer Debt, pursuant to the agreement underlying the Consumer Debt, is subject to increase based on the principal portion of the Consumer Debt and the interest and fees which said principal is subject thereto.

30. On January 15, 2007, Defendant-Creditor conveyed a limited power of attorney to Defendant-DC for purposes of engaging in certain collection efforts on its (Defendant-Creditor's) behalf, including, but not limited to the filing of bankruptcy proof of claim. Thereafter, or contemporaneous therewith, the Consumer Debt was assigned and/or referred to Defendant-DC for collection under the terms of said power of attorney.

31. In referring and/or assigning the collection of the Consumer Debt to Defendant-DC, Defendant-Creditor disclosed to Defendant-DC *false* information about Plaintiff and/or information that Defendant-DC had no *legitimate* business need for, the likes of which affected the reputation of Plaintiff. For example, Defendant-Creditor falsely disclosed to Defendant-DC

(the "Disclosure"), *among other things*, that the Consumer Debt allegedly owed by Plaintiff to Defendant-Creditor was comprised entirely of *principal*, and in so doing, otherwise misrepresented the amount and character of the Consumer Debt owed by Plaintiff.

32. The Disclosure affected Plaintiff's reputation. For example, the disclosure affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness.

33. By way of documents and information Defendant-DC maintains in accordance with Rule 69V-180.080, Florida Administrative Code: [1] Defendant-DC knew the Consumer Debt was comprised of principal, interest, and fees; [2] Defendant-DC knew that the total amount of the Consumer Debt was the sum of the principal portion of the Consumer Debt and the interest and fees said principal amount is subject thereto; and [3] Defendant-DC knew the Consumer Debt was subject to increase based on the amount of the principal portion of the Consumer Debt and the interest and fees which said principal is subject thereto.

34. On October 8, 2019, due to Plaintiff's overall financial situation, Plaintiff filed a Chapter 13 bankruptcy petition.

35. Upon learning of the filing of Plaintiff's Chapter 13 bankruptcy petition, Defendant-DC, acting on behalf of Defendant-Creditor, and consistent with the terms of its power of attorney, filed a proof of claim in Plaintiff's bankruptcy case, alleging Plaintiff owed Defendant-Creditor $552.66 *in principal only* (the "POC") with respect to the Consumer Debt.

36. The POC is a representation, means, and otherwise communication in connection with the collection of the Consumer Debt.

37. The POC was signed under penalty of perjury by Defendant-DC's employee, David Lamb, who, when signing the proof of claim, was acting within the course and scope of his or her employment with Defendant-DC.

38. By signing the POC under penalty of perjury and on behalf of Defendant-DC, David Lamb falsely represented the principal portion of the Consumer Debt as being $552.66. Further, by signing the POC under penalty of perjury and on behalf of Defendant, David Lamb falsely represented the total amount of the Consumer Debt as being *only* principal and containing no interest or fees.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e & § 1692e(2)(A)**
(*against Defendant-DC*)

39. Plaintiff incorporates above-paragraphs 1-38 as though fully stated herein.

40. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. 1692e(2)(A). (emphasis added).

41. Defendant violated 15 U.S.C. § 1692e(2)(A) by and through the POC, in that, Defendant-DC falsely represented both the *character* and *amount* of the Consumer Debt to Plaintiff. Defendant-DC's false characterization of the Consumer Debt constitutes an injurious withhold of information that the FDCPA required Defendant-DC to disclose to Plaintiff, as well as an invasion of Plaintiff's right to such information.

42. Here, the POC falsely characterizes accrued interest charges and fees as principal. In so doing, Defendant-DC causes the least sophisticated consumer to believe, for example, that

PAGE | **6** of **10**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Consumer Debt was *only* principal[1] and, as such, not otherwise subject to increase by way of interest and fees. Not only is such a portrayal of the Consumer Debt false, but it was a portrayal which Defendant-DC *knew* to be false assuming Defendant-DC maintains the documents and information Defendant-DC is required to maintain to retain a valid consumer collection license in Florida.

43. Further, with respect to the *amount* of the Consumer Debt, Defendant-DC falsely represents the principal portion of the Consumer Debt as being $552.66. In so doing, Defendant-DC causes the least sophisticated consumer to believe, for example, that he or she owes Defendant-Creditor an amount *greater* than the $552.66, because the POC falsely identifies $552.66 as *only* being principal and the total amount owed is principal *plus* interest and fees.

44. Thus, by and through the POC, Defendant violated § 1692e(2)(A) of the FDCPA.

45. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. §1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(c) Any other relief that this Court deems appropriate under the circumstances.

---

[1] The Oxford English Dictionary defines principal when used in the sense "[o]f money" as "[c]onstituting the primary or original sum; that is the main or capital sum invested or lent, and yielding interest or income; capital, capitalized." Oxford English Dictionary, Second Edition, 1989. Further, the applicable definition of "principal" from Webster's Third New International Dictionary (Philip Babcock Gove Edition, 1986) is "a capital sum placed at interest, due as a debt, or used as a fund." Id. at 1802.

## COUNT II.
## VIOLATION OF FLA. STAT. § 559.72(9)
(*against Defendant-DC and Defendant-Creditor*)

46. Plaintiff incorporates by reference paragraphs 1-38 of this Complaint as though fully stated herein.

47. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

48. Here, Defendant-DC *knew* that the Consumer Debt was not entirely comprised of principal and otherwise subject to interest and fees. Despite knowing this, Defendant-DC misrepresented the Consumer Debt as being *entirely* principal by and through the POC and otherwise attempted to collect an erroneous portrayal of the Consumer Debt from Plaintiff. In so doing, Defendant-DC violated § 559.72(9) of the FCCPA.

49. At minimum, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

50. Defendant-Creditor purposely provided Defendant-DC with the information to collect the Consumer Debt from Plaintiff, of which included Plaintiff's contact information, the nature of the Consumer Debt, and the amount purportedly owed by Plaintiff.

51. As such, the above-mentioned violation of § 559.72(9) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and

PAGE | **8** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

52. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC and Defendant-Creditor, awarding Plaintiff the following relief:

    (a) Statutory as provided under Fla. Stat. §559.77(2);

    (b) An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

    (c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

    (d) Any other relief that this Court deems appropriate under the circumstances.

### COUNT III
### VIOLATION OF FLA. STAT. § 559.72(9)
(*against Defendant-Creditor*)

53. Plaintiff incorporates by reference paragraphs 1-38 of this Complaint as though fully stated herein.

54. Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

55. As stated above, in referring and/or assigning the collection of the Consumer Debt to Defendant-DC, Defendant-Creditor disclosed to Defendant-DC *false* information about Plaintiff and/or information that Defendant-DC had no *legitimate* business need for, the likes of which affected the reputation of Plaintiff. By and through the Disclosure, for example, Defendant-Creditor falsely disclosed to Defendant-DC that the Consumer Debt allegedly owed by Plaintiff to

PAGE | **9** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Defendant-Creditor was comprised entirely of *principal*, and in so doing, otherwise misrepresented the amount and character of the Consumer Debt owed by Plaintiff.

56. The Disclosure affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness.

57. Thus, in light of the above, by disclosing false information regarding to the Consumer Debt allegedly owed by Plaintiff to Defendant-DC, Defendant-Creditor violated § 559.72(5) of the FCCPA.

58. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-Creditor, awarding Plaintiff the following relief:

    (a) Statutory and actual damages as provided under Fla. Stat. §559.77(2);

    (b) An injunction prohibiting Defendant-Creditor from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

    (c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

    (d) Any other relief that this Court deems appropriate under the circumstances.

DATED: July 13, 2020

Respectfully Submitted,

/s/ Jibrael S. Hindi            .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:   855-529-9540